# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WILLIAMSON PENN LITTLE, an Individual and sole beneficiary of the Williamson Penn Little Trust Dated December 1, 1984,<br><br>Plaintiff,<br><br>vs.<br><br>(1) DAVID MANNAS, an individual and trustee, (2) CHAD CRADDOCK, and Individual and Trustee, and (3) CATHY ETCHEN, an individual and Trustee, (4) CHACOSIE ROYALTIES LLC, as a company, (5) SHERFLEIN ROYALTIES LLC, as a Company, (6) MEZAKA LLC, as a Company, (7) DAVID AND CYNTHIA MANNAS LLC, as a company, (8) MJ SMITH FAMILY ROYALTIES LLC, as a Company, (9) THE QUINTIN LITTLE COMPANY INC., as a company, and (10) THE QUINTIN LITTLE OIL AND GAS LIMITED PARTNERSHIP, as a company,<br><br>Defendants, | Case No.:  19-cv-306-JH |

## AMENDED AND RESTATED COMPLAINT FOR FOR BREACH OF TRUST

Plaintiff Williamson Penn Little ("Penn Little") for his cause of action against Defendants for breach of trust, pursuant to 60 O.S. §175.57, alleges and states as follows:

1.    Penn Little is a resident of the State of Illinois.

2.    Penn Little is the sole beneficiary of the Williamson Penn Little Trust dated December 1, 1984 (the "Trust").

3. The Trust is an irrevocable trust created in the State of Oklahoma by Jud Little, Penn Little's father, as Settlor. Jud Little is not now and has never been a Trustee of the Trust.

4. Upon information and belief, David Mannas ("Mannas") is a resident of Carter County, State of Oklahoma. Mannas is currently a Trustee of the Trust and has been a Trustee since at least 1998. In addition to being a Trustee, Mannas is employed by entities owned or controlled by Jud Little, including the Quintin Little Company.

5. Upon information and belief, Chad Craddock ("Craddock") is a resident of Carter County, State of Oklahoma. Craddock is currently a Trustee of the Trust and has been a Trustee since at least 1998. By delegation by the other Trustees in February, 1995, Craddock has held all non-discretionary powers of the Trustees, including but not limited to the power to sign checks and bank withdrawal slips, make deposits, and to enter into mineral leases. In addition to being a Trustee, Craddock is employed by entities owned or controlled by Jud Little, including the Quintin Little Company.

6. Cathy Etchen ("Etchen") is a resident of the State of Pennsylvania. Etchen is currently a Trustee of the Trust and has been a Trustee since at least 1998.

7. David and Cynthia Mannas LLC ("DCM") is an Oklahoma Limited Liability Company (Filing No.: 3512303004) and has been operating since February 14, 2011. While the company claims that they are an "auditing and bookkeeping firm," public records reveal they also are an investment holding company. Upon Information and belief Mannas (jointly with his wife) is the primary owner of DCM. DCM is an entity that, upon information and belief, unjustly enriched itself through its relationship to Mannas' role as trustee.

8. Scherflein Royalties LLC ("Scherflein") is an Oklahoma Limited Liability Company (Filing No.: 3512302808). The registered agent/owner (in joint-tenancy) is Mike Scherf. Scherflein is an entity that, upon information and belief, unjustly enriched itself through its relationship to the trustees.

9. Mezaka LLC ("Mezaka") is an Oklahoma Limited Liability Company (Filing No.: 3582298761). The registered agent/owner (in joint-tenancy) is Charles E. "Chic" Sale. Mezaka is an entity that, upon information and belief, unjustly enriched itself through its relationship to the trustees.

10. The Quintin Little Company, Inc. ("QLCO") is an Oklahoma Corporation (Filing No.: 1900223703). The registered agent is Jud Little. The owners, upon information and belief, are Jud Little and the estate of Scott E. Little (each with a 50% interest). Jud Little is the settlor of the trust, Scott Little served as a Trustee  QLCO is an entity that, upon information and belief, unjustly enriched itself through its relationship to the trustees.

11. The Quintin Little Company Oil and Gas Limited Partnership ("QLCOLP") is an Oklahoma Limited Partnership (Filing No: 3300532264). QLCOLP is an entity that, upon information and belief, unjustly enriched itself through its relationship to the trustees.

12. MJ Smith Family Royalties ("MJ") is an Oklahoma Limited Liability Company (Filing No: 3512306442). MJ Smith's owner/registered agent is the former wife of defendant Chad Craddock. MJ is an entity that, upon information and belief, unjustly enriched itself through its relationship to the trustees.

13. Chacosie Royalties LLC ("Chacosie") is an Oklahoma Limited Liability Company that operated from November 2, 2010 until it's cancellation on January 2, 2012, the

company was terminated on January 2, 2015. Chacosie was reinstated on July 6, 2018. Upon Information and belief Chad Craddock is the primary owner of Chacosie. Chacosie is an entity that, upon information and belief, unjustly enriched itself through its relationship to Craddock's role as trustee.

14. Upon information and belief, damages in this case for Defendants' breach of Trust exceed $75,000.00.

15. Jurisdiction and venue are appropriate in this Court by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332.

16. The Trustees have breached their fiduciary duties of loyalty, due care, and full disclosure owed to Penn Little, the Trust beneficiary.

17. The Trust provides in Section 3.02 that the Trustees shall pay over and distribute to the Beneficiary the entire principal and any undistributed income of the Trust Fund at age 35. The Trustees have wholly failed and refused to distribute the assets of the Trust to Penn Little despite his reaching the age of 35 on April 9, 2019.

18. The Trust provides in Section 2 a right of withdrawal by the Beneficiary not exceeding the lesser of the gift tax annual exclusion then available or the maximum amount over which the lapse of a power to withdraw is not considered a release of such power under §§2041 and 2515 of the Internal Revenue Code. The Trustees are required to notify the Beneficiary in writing of its receipt of property over which his power of withdrawal may be exercised. The Trustees have wholly failed to furnish notice in writing to Penn Little of its receipt of property over which his power of withdrawal may be exercised. As a result, Penn Little has been denied his ability to exercise his right of withdrawal.

19. The Trustees have provided copies of purported Notices of Election dated between December 2003 through January 2007 addressed to Penn Little at a P.O. Box corresponding to the address of the Quintin Little Company and purporting to include in certain instances the signature of Penn Little. Plaintiff states that he did not receive these notifications and did not sign the documents produced as purported copies.

20. The Trust provides in Section 5.03 a "spendthrift" provision for the benefit of the Beneficiary. Despite the spendthrift provision, the Trustees have arranged for payments to be made to Jud Little pursuant to a Note allegedly executed by Penn Little, but subject to dispute by the Beneficiary. The Trustees have also provided for the payment of purported debts owed by Penn Little personally upon demand by the creditor(s) in violation of the spendthrift provision and without discussion or approval of the Beneficiary believed to be the result of pressures placed on the Trustees by the Settlor to protect his personal reputation in the community.

21. The Trust provides in Section 5.01 that the Trustees shall furnish periodic reports of the administration of the Trust Estate to those adult beneficiaries entitled to the income from the Trust. The Trustees have wholly failed to furnish periodic reports of the administration of the Trust Estate to Penn Little. As a result, Penn Little has been denied and refused disclosure of matters affecting his irrevocable Trust.

22. The Trustees never provided Penn Little a copy of the Trust instrument, prior to the Trust's directive to distribute all assets on Penn Little's 35th birthday, and thus the Trust provisions cited above were not known to the Beneficiary until after the date of distribution at age 35 came and passed. A copy of the Trust was provided only upon request of Penn Little's

counsel after the Trustee's failure to distribute the assets of the Trust to Penn Little on his 35th birthday.

23. In addition, false statements have been made to the Beneficiary by Trustee Mannas concerning the value of the Trust reporting in December of 2013 that the Trust had a negative balance at a time that the Trust had a value in excess of $400,000.00. Also false statements were made in this very district court by Jud Little, while under oath, with Trustee Chad Craddock present in the courtroom. Jud Little stated the trust was "depleted" on December 11, 2010, although the trust had an asset value upon that day of over $190,000.00.

24. Upon information and belief, the Trustees have deferred in favor of Jud Little rather than Penn Little in the administration of the Trust Estate and have allowed Jud Little to direct the investment decisions reserved to the Trustees under the Trust.

25. The Trustees have breached their duty of competence and diligence by making imprudent investments in speculative and high-risk enterprises outside their areas of expertise. For instance, Mr. Chad Craddock has a finance degree from the University of Oklahoma, and felt it prudent to invest in a private placement versus more conservative investments such as the S&P 500 index ETF in 2001. Had the trust invested in the market's benchmark fund, the S&P 500, at the time of distribution (April 9, 2019) the trust would have had a value of over $2.2 million. As a result, the Trust lost investment opportunities in more conservative stock market funds that would have yielded better returns over the life of the Trust and resulted in losses to the Trust.

26. Despite demands made upon the Trustees through counsel, the Trustees have refused to make full distribution of undisputed assets of the Trust and have asserted no lawful basis for failing to make the distribution in its entirety absent the execution of a full and

complete release of liability. The trustees did make a partial distribution in September of 2019, however, this distribution only came as a result of the notice of the original complaint in this case being filed. Upon information and belief, the refusal to make the distribution of undisputed assets within the Trust is to provide a benefit to Jud Little to the detriment of Penn Little in forcing a compromise on the alleged but disputed Note payable to Jud through the leverage of non-payment of undisputed assets that should have been distributed on April 9, 2019.

27. As a result of the refusal of the Trustees to distribute the undisputed assets remaining in the Trust as of April 9, 2019, the Trustees have allowed waste to occur as the Trustees have charged their legal fees to the Trust in an amount reported to be at least $18,866.30.

28. Judicial remedies for breach of trust under Oklahoma law, 12 O.S. § 175.57, include the following:

> (a) compelling the Trustees to perform the Trustee's duties;
>
> (b) enjoining the Trustees from committing a breach of trust;
>
> (c) compelling the Trustees to redress a breach of trust by payment of money or otherwise;
>
> (d) ordering the Trustees to account;
>
> (e) appointing a receiver or temporary trustee to take possession of the trust property and administer the trust;
>
> (f) suspend or remove the Trustees;
>
> (g) reduce or deny compensation to the Trustees;

(h) impose an equitable lien or constructive trust on trust property or trace trust property wrongfully disposed of and recover the property and its proceeds;

(i) grant any other remedy, including awarding costs and expenses, and reasonable attorneys' fees against the Trustees.

18. The breach of fiduciary duties and breach of trust were willful and wanton and performed in total disregard of the rights of the Beneficiary under the Trust. The Trustees disregarded their duty of loyalty to the Beneficiary in order to curry favor with the Settlor, Jud Little, their employer. The Trustees have willfully ignored the "spendthrift" provision of the Trust by orchestrating a payment from the Trust to Jud Little to the detriment of the Beneficiary. The Trustees have willfully breached their duties of competence and diligence by making speculative investments at the recommendation of the Settlor, Jud Little. The Trustees should be held responsible for punitive damages as a deterrent to others in positions of trust from breaching that trust.

WHEREFORE, premises considered, Penn Little prays for the following:

(1) An Order compelling the Trustees to forthwith distribute the undisputed assets of the Trust to him as sole beneficiary, and without deduction of the Trustee's attorneys' fees;

(2) An Order for a full accounting, including a review of original documents and submission to questioned document experts;

(3) An Order compelling the Trustees to pay for any resulting monetary losses sustained by the Trust;

(4) An Order awarding costs, expenses including those associated with the investigation of the trust, and reasonable attorney's fees to the Beneficiary; and;

(5) Any other equitable or legal remedy to which Plaintiff may be entitled.

Respectfully Submitted,

_____
Williamson Penn Little, *Pro Se*
1077 N. Hermitage Ave Unit 3
Chicago, IL 60622-3257
(312) 560-0846
Fax: (312) 276-8767
Email: p@pennlittle.com

*ATTORNEY FOR PLAINTIFF, **PRO SE***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion in Support of was served by electronic means on this 14th day of April 2020, on the following parties, who embody all counsel or relevant parties of record:

Chance L. Pearson, Daniel Webber, & Phillip Whaley
Ryan, Whaley, Coldiron, Jantzen, Peters, & Webber, PLLC
400 N. Walnut Avenue
Oklahoma City, OK 73104
cpearson@ryanwhaley.com
*Attorneys for Defendants*

_____
Williamson Penn Little, *Pro Se*
1077 N. Hermitage Avenue, Floor 3
Chicago, Illinois 60622-3257
(312) 560-0846
Fax: (312) 276-8767
p@pennlittle.com