IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAMSON PENN LITTLE, Individual and sole beneficiary of the Williamson Penn Little Trust dated December 1, 1984,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MANNAS, CHAD CRADDOCK, and CATHY ETCHEN, Individually and as Trustees,<br><br>Defendants. | Case No. CIV-19-306-JFH-GLJ |

## REPORT AND RECOMMENDATION

Plaintiff Williamson Penn Little filed this diversity action for breach of trust under Oklahoma law against numerous defendants on September 10, 2019 [Docket Nos. 1-2]. On October 17, 2022, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 212]. This matter is now before the Court on motion for summary judgment by the remaining three Defendants, David Mannas, Chad Craddock, and Cathy Etchen ("the Trustees"), who are trustees of the Williamson Penn Little Trust dated December 1, 1984. For the reasons set forth below, the undersigned Magistrate Judge finds that the Defendants' Motion for Summary Judgment [Docket No. 181] should be GRANTED. Additionally, the undersigned Magistrate Judge finds that the pending Omnibus Motion in Limine [Docket No. 192], Motion to Stay Proceedings, Motion for Appointment of New

Trustee, Motion to Compel Accounting [Docket No. 194], and the Amended Motion to Compel Discovery [Docket No. 196], should be denied in light of the recommendation to grant summary judgment. Finally, the undersigned Magistrate Judge denies the Motion to Compel Discovery [Docket No. 195] as moot.

## PROCEDURAL HISTORY

On September 10, 2019, Williamson Penn Little ("Plaintiff") filed suit individually and as sole beneficiary of the Williamson Penn Little Trust dated December 1, 1984, against ten Defendants, although only the three Trustees remain. *See* Docket Nos. 2, 46, 56, 115. His Amended and Restated Complaint for Breach of Trust, founded in this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, sets out one Oklahoma state law claim for breach of trust under 60 Okla. Stat. § 175.57 against the Trustees [Docket No 56]. As relevant to the Trustees, the Plaintiff previously moved for partial summary judgment, requesting distribution of assets by the Trustees, which was denied initially and upon reconsideration [Docket Nos. 30, 78, 90, 93]. The Plaintiff filed an interlocutory appeal of that decision with the Tenth Circuit, but the appeal was dismissed for lack of prosecution in September 2020 [Docket Nos. 109, 113-114]. The case then proceeded despite various scheduling delays and on December 13, 2021, the Trustees filed the present motion for summary judgment ("Motion") [Docket No. 181]. Because the Court has now referred this case for all further proceedings to the extent of jurisdiction permitted under 28 U.S.C. § 636(b)(1)(B), the undersigned Magistrate Judge now makes the following findings and recommendations as to the Trustees' summary judgment motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party "asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Indeed, "[i]f the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Kaul v. Stephen*, 83 F.3d 1208, 1212 (10th Cir. 1996) (*quoting Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995)). The Supreme Court has stated that the "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## FACTUAL BACKGROUND

This case involves the handling of The Williamson Penn Little Trust dated December 1, 1984, which was created by Jud Little (the Settlor) with his son Williamson Penn Little (the Plaintiff) as the sole beneficiary. The relevant undisputed facts in this case reflect[1] that the Trust granted the Trustees certain discretionary powers related to paying the income and/or principal of the Trust for the benefit of the Plaintiff, as well as powers related to buying and selling property and assets in the Trust. *See* Docket No. 181, Ex. 4. The Trust provides for a discretionary distribution of any undistributed funds when the Plaintiff attained the age of thirty years old, as well as a provision instructing the Trustees to pay the entire principal and any undistributed income when the Plaintiff attained the age of thirty-five years old. *Id.*, pp. 6-7. The Plaintiff's Amended Complaint asserts that the Trustees failed to pay the balance of the Trust when he attained the age of thirty-five years old on April 9, 2019, and that a September 2019 distribution was only a partial distribution. *See* Docket No. 56, p. 4, ¶ 17 & p. 7, ¶ 26. Furthermore, he alleges that the Trustees breached their duty of competence and diligence by making "imprudent investments,"

---

[1] The Court notes that the Plaintiff's Response/Opposition to Defendants' Motion for Summary Judgment [Docket No. 185], which was filed out of time, *see* Docket Nos. 182, 184-186, contains a section with his own "Statement of Facts in Support," but does not directly address the "Undisputed Material Facts" contained in the Defendants' original Motion [Docket No. 181, pp. 4-7, ¶¶ 1-16]. As Plaintiff has failed to dispute Defendant's proffered undisputed material facts, the Court shall "consider the fact[s] undisputed for purposes of the motion," as permitted by F.R.C.P. 56(e). *See also* EDOK L.Civ.R. Rule 56.1(c) ("Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and if applicable, *shall state the numbered paragraphs of the movant's facts that are disputed*.") (emphasis added). The Court further notes that Plaintiff's Response Brief fails to comply with this Court's Local Civil Rule 7.1(c), regarding length and format of brief. Although the Court will consider the entirety of the brief here, the Court cautions that future failures to comply may result in consideration of only that portion of the brief in compliance with this Court's Local Rules.

causing the Trust to lose investment opportunities that, if those funds had otherwise been placed in a conservative market ETF, would have generated substantial profit. *Id.*, pp. 6, ¶ 25.

The Trustees all submit signed Declarations stating that they have not received any compensation or financial benefit as part of their service as co-Trustees, and that their actions were intended to be in the best interest of the Plaintiff. *See* Docket No. 181, Exs. 5-7. Additionally, they state that the remainder of any Trust assets were distributed on September 12, 2019. *Id.*, Ex. 5, p. 2, ¶ 9. As part of their "undisputed facts," the Trustees indicate that they submitted discovery requests to the Plaintiff asking him to identify all facts supporting his allegations of breach of fiduciary trust, but that the Plaintiff largely failed to identify any facts supporting such an allegation.[2] The Trustees attach the Plaintiff's Response/Answer to Interrogatories in support, *see* Docket No. 181, Ex. 8, pp. 5-7, in which he objected to each relevant interrogatory and referred the Trustees back to his Amended Complaint. In response to an interrogatory asking which assets of the Trust had not been distributed to him, the Plaintiff alleged that assets not distributed to him included amounts diverted from another trust and all losses incurred by one specific investment in NexGenCity Investments. *Id.*, p. 6.

---

[2] The Defendants also challenge the Plaintiff's credibility based on his criminal history, which includes a 2009 conviction for bank fraud and possible recent charges in the state courts of Nevada, Louisiana, and California, and assert that Plaintiff's actions in filing this lawsuit are an attempt to circumvent his father's disinheritance. As these issues are largely irrelevant to whether the *Trustees* committed a breach of Trust, the undersigned Magistrate Judge declines to address them.

The Trustees also state as part of their undisputed facts that Settlor Jud Little (Plaintiff's father) made over 98% of the contributions to the Trust, and that he had interests in a holding company that invested in NexGenCity, a company developing a communication technology. Jud Little assigned those interests to the Trust because he wanted his son's Trust to receive any benefit from the investment. Both the undisputed facts and a signed Declaration from Trustee Defendant David Mannas indicate that the Trustees conducted due diligence and sought counsel prior to accepting the interest in the NexGenCity investment. *See* Docket No. 181, pp. 6-7, ¶ 15 & Ex. 5, p. 2, ¶ 3. Mr. Mannas stated that while the investment was ultimately not profitable, the loss was "very minimal due to recovery from a lawsuit against Motorola for misappropriation of the technology and additional gifts (forgiveness of debts) made to the Trust by the Settlor." *Id.*, Ex. 5, p. 2, ¶ 10. Indeed, the Plaintiff himself provided documentation containing "comments" on this same transaction by Mr. Mannas, in which Mr. Mannas stated,

> Jud paid 100% of NexGen City. The trust did not pay a penny. Since Jud wanted the trust to benefit from NexGen City if it did well, he paid for NexGen City in the name of the trust. Over time, NexGen City generated losses that were recovered by the end except for $53,705.24. Jud forgave $56,000.00 in dept [sic] related to NexGen City so the trust would not be out anything for NexGen City. The trust did get the benefit of the tax deduction.

Docket No. 185, Ex. 4, p. 4, ¶ 5. Although not addressed directly by either party in the briefing, there is some indication in the supporting exhibits that, outside the Trust, the Plaintiff owed a significant sum of money to the Settlor, but that the Settlor would periodically issue a credit in the Trust toward the reduction of this debt up to the amount allowed for gifts in any given tax year, and that he also did the same to offset the losses

garnered by the NexGenCity Investment. *See* Docket No. 181, Ex. 5, p. 2; No. 185, Ex. 4, p. 4 & Ex. 5, pp. 48-52. In addition to the undisputed facts and evidence submitted by the Trustees, the Plaintiff himself submits documentation reflecting that these debt reduction actions resulted in a *credit* to the Plaintiff, rather than a loss.

The Trustees assert that the Plaintiff further fails to articulate the damages they allegedly caused. The interrogatory submitted to Plaintiff asked him to describe the damages asserted and how he calculated them. In response, the Plaintiff referred the Trustees to his Amended Complaint, and stated that the "bulk" of the damages were related to the NexGenCity investment. *Id.*, p. 7, ¶ 16 & Ex. 8, pp. 6-7, Int. No. 8. However, as discussed above, the undisputed facts reflect that any loss from this investment was mitigated through debt reduction and recovery from a lawsuit.

Although he fails to respond to the undisputed facts set forth by the Trustees, the Plaintiff sets out nineteen additional "Statement of Facts in Support," of his position. The first nine facts provide a "Little family history," which are largely unrelated to the Motion filed by the Trustees. *See* Docket No. 185, pp. 7-9, ¶¶ 1-9. Facts in ¶¶ 10-19 are "directly relevant to the Motion[,]" *id.*, pp. 9-11, ¶¶ 10-19, but many of them are unsupported and without citation in violation of this Court's Local Rules. *See* Local Civ. R. 56.1(c) & (d). *See also Amparan v. Demir*, 234 F. Supp. 3d 1110, 1116 (D.N.M. 2017) ("The Court will not consider the portions of the record that Plaintiffs have failed to []properly reference under Rule 56.1(b). Although the Court views the facts in a summary judgment motion favorably to the non-movant, there is no requirement that the Court do the work of Plaintiffs' counsel and sift through the record in an attempt to find support for Plaintiffs'

factual allegations.") (*citing Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [plaintiff's] arguments for him.")).

As pertinent here, the Plaintiff continues to contend that he is entitled to an accounting and has been since April 2019 when the Trust matured. *Id.* Furthermore, he states that the Trustees refused to release the trust assets until he released all claims against them, and that they had, as of January 4, 2022, still failed to hand over all assets held in the trust at maturity. *Id.* He further refuses to accept without an accounting the Defendants' statement that the Settlor Jud Little made over 98% of the contributions to the Trust, and cites to an August 2019 letter written by an attorney, Len Cason, on behalf of the Trustees in support of this argument. He also cites to excerpts from a deposition of Mr. Cason, to rebut the Trustees' claim that they were not being compensated as Trustees. *See* Docket No. 185, Ex. 8 & 10. Finally, the Plaintiff contends without citation that Trustee Defendant Mannas has possession of an accounting that was not provided to the Plaintiff. *See* Docket No. 185, p. 11, ¶ 15.

Upon review of these "supporting" documents, the undersigned Magistrate Judge notes that none of the Plaintiff's contentions are supported by any documents or evidence. For example, the August 2019 letter makes reference to legal fees billed to the Trust on behalf of the Trustees that Jud Little offered to reimburse *if* the Plaintiff would enter a global mutual settlement agreement. *See* Docket No. 185, Ex. 8, p. 1. There is no global mutual settlement agreement in the record. It also appears that Mr. Cason testified at a deposition (the deposition is not dated and only provided in excerpt form) that the Trustees

worked for Jud Little, and that while Mr. Jud Little did not have the right to make final decisions in the Trust, the Trustees would listen to him. *See* Docket No. 185, Ex. 10, pp. 116. The Plaintiff also offers no evidence supporting his claim that there is a purported undisclosed accounting in Trustee Defendant Mannas's hands.

## ANALYSIS

The Trustees contend that they are entitled to summary judgment in this case because Plaintiff provides no evidence of a breach of any duty owed him by the Trustees, nor does he provide evidence of damages therefrom. The Plaintiff contends that summary judgment is premature and that the Court should order an accounting and deny the motion for summary judgment. For the reasons set forth below, the undersigned Magistrate Judge finds that the Trustees are entitled to summary judgment in this case.[3]

As an initial matter, the undersigned Magistrate Judge notes that Plaintiff includes a request that the Court revisit its "denial of an accounting as earlier requested" in his Response. In support, the Plaintiff cites to a transcript for Docket No. 75; however, Docket No. 75 contains minutes of a Civil Scheduling Conference held telephonically before U.S. District Judge Joe Heaton, which only indicates that the Court planned to enter a written order on pending motions, granted Plaintiff leave to add parties within thirty days, and set

---

[3] While the undersigned Magistrate Judge understands this litigation has been lengthy and acrimonious between the parties and counsel, nonetheless both the Plaintiff and the Trustees should have left the personal invective and bickering out of the pleadings and focused on setting forth documentation and evidence in support of their positions. In particular, as set forth below, while the Trustees have satisfied their obligation under Fed. R. Evid. 56 for obtaining summary judgement, additional documentary evidence presumably in their possession could have been presented in their Motion to make the Court's task much easier and more direct.

out a deadline for initial disclosures. *See* Docket No. 75. A written order issued that same day mooted filings regarding the deposition of Jud Little in light of his death, allowed Plaintiff to withdraw a motion for temporary restraining order, and again allowed any person seeking to be added as a party to request do to so within thirty days. *See* Docket No. 76. In other words, the undersigned Magistrate Judge finds no previous denial of an accounting in the record. Moreover, while the Plaintiff continues to contend that he is entitled to an accounting pursuant to 60 Okla. Stat. § 175.57, that statute authorizes an accounting only as one of several available remedies in the event the Court finds a violation by a trustee of a duty the trustee owes a beneficiary. 60 Okla. Stat. § 175.57(A) & (B). *See also Dobry v. Dobry,* 1958 OK 8, ¶ 10, 324 P.2d 534, 537 ("[T]he burden is upon the plaintiff to prove his right to the relief sought. He must place in evidence facts which reasonably tend to prove that there is a balance due. Failing this, there is no right to an accounting[.]"). Thus, the undersigned Magistrate Judge finds that a request for an accounting at this stage is premature as the Plaintiff has not proven a violation. Accordingly, the undersigned Magistrate Judge turns to whether the Defendants are entitled to summary judgment.

This is a case brought under the Court's diversity jurisdiction; therefore, Oklahoma substantive law applies. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). *See also Taber v. Allied Waste Sys., Inc.*, 642 Fed. Appx. 801, 812 n.2 (10th Cir. 2016) ("Whether summary judgment should [be] granted in this federal diversity case is [] governed by the standard found in the Federal Rules of Civil Procedure as applied to Oklahoma's substantive law.") (*citing C.F. Braun & Co. v. Okla. Gas & Elec. Co.,* 603

F.2d 132, 133 n.1 (10th Cir. 1979) ("The propriety of summary judgment in federal diversity cases must be evaluated in light of the Federal Rules of Civil Procedure rather than state procedural law, but with reference to the state's substantive law.")). "Because this is a diversity case governed by Oklahoma law, 'we ascertain and apply Oklahoma law such that we reach the result that would be reached by an Oklahoma court.'" *Ritch v. Carrabbas Italian Grill L.L.C.*, 719 Fed. Appx. 838, 840 (10th Cir. 2018) (*quoting Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015)).

Plaintiff alleges in his Amended Complaint that the Trustees breached their fiduciary duties of loyalty, due care, and full disclosure; that they have failed and refused to distribute the assets of the Trust as required when he reached the age of thirty-five years old on April 9, 2019; and that they have denied him his right of withdrawal of the Trust. *See* Docket No. 56, ¶¶ 16-18. Additionally, he alleges that they have breached their duty of competence and diligence with regard to the investments made in his trust, and that they have allowed waste to occur by charging their legal fees to the Trust. *Id.*, ¶¶ 25-27. The Trustees assert in their Motion that the Plaintiff fails to identify any facts supporting these allegations, that the terms of the Trust permitted their actions, and that he further fails to articulate any damages caused by the Trustees' actions. They further contend that they acted in the best interest of the Plaintiff as beneficiary of the Trust, that they received no financial benefit or compensation for serving in the role of Trustees, and that a final and full Trust distribution was accomplished on September 12, 2019.

"From a review of the authorities in Oklahoma, it appears that the four elements of an actionable breach of fiduciary duty claim are: (1) the existence of a fiduciary

-11-

relationship, (2) a duty arising out of the fiduciary relationship, (3) a breach of the duty, and (4) damages proximately caused by the breach of duty." *F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1299 (N.D. Okla. 1998). *See also Horton v. Hamilton*, 2015 OK 6, ¶¶ 20, 22, 345 P.3d 357, 364-365 ("A claim for breach of fiduciary duty arises in negligence, but raises the duty of care based upon a special relationship. . . . Other than a heightened duty of care, breach of fiduciary duty is identical to negligence and gross negligence."); *Jennings v. Badgett*, 2010 OK 7, ¶ 12, 230 P.3d 861, 865 (the general elements of a negligence action are: "(1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty, (3) an injury, and (4) causation."). In their Motion, the Trustees do not challenge the first two elements, *i.e.*, the existence of a fiduciary relationship or that there is a duty arising out of the fiduciary relationship. Rather, they contend that the Plaintiff fails to provide evidence of the third and fourth elements, *i.e.*, that the Trustees breached a duty owed to Plaintiff or the existence of damages caused by any such alleged breach. The undersigned Magistrate Judge agrees with both contentions.

In order to survive summary judgment, the Plaintiff must do more than simply rest on his pleadings. *See Celotex*, 477 U.S. at 324 ("Rule 56[] permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56[], *except the mere pleadings themselves*[.]") (emphasis added). Indeed, "[w]here the movant bears the ultimate burden of proof at trial, it must submit evidence to establish every element of its claims." *United States v. Welch,* 2013 WL 1444053, at *5 (D. Colo. Mar. 13, 2013). Here, the undersigned Magistrate Judge finds that the Plaintiff fails to establish the presence of genuine issues of material fact. Rather, his purported proof of

both breach and damages is based upon speculation, conjecture, and improper inferences. *See Bones v. Honeywell International, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.") (citations omitted). *See also Amparan*, 234 F. Supp. 3d at 1120 ("In the Tenth Circuit, even when a plaintiff can prove some elements of a *prima facie* case, summary judgment is appropriate when the plaintiff fails to produce evidence in support of *each* element.") (*citing Bones*, 366 F.3d at 876 (Tenth Circuit affirmed summary judgment for employer when employee could prove some elements of her case but failed to proffer undisputed evidence in support of one element.")). "Testimony which is grounded on speculation does not suffice to create a genuine issue of material fact to withstand summary judgment." *Bones*, 366 F.3d at 876. The Plaintiff's assertions are that the Trustees failed to properly distribute the Trust assets to him in a timely manner and that they acted as employees of Jud Little rather than as Trustees, including in comingling trust assets with Jud Little's direct assets. While his assertions are clear, the Plaintiff offers no substantive evidence in support of these allegations and instead relies on innuendo and conjecture that some evidence produced in the future may confirm his allegations. *See Burbidge Mitchell & Gross v. Peters*, 622 Fed. Appx. 749, 753 n.3 (10th Cir. 2015) ("The logic of BMG's argument is clear, but BMG offers nothing but speculation in its reply brief that the memo was not part of the documents possessed by Olson before the malpractice action began. Speculation is insufficient to defeat summary judgment.") (*citing Bones,* 366 F.3d at 875). And the Plaintiff's repeated

demand for an accounting before responding to the Motion likewise will not defeat summary judgment, as he cannot defeat it based on ignorance or a suspicion. *See Genzer v. James River Ins. Co.*, 934 F.3d 1156, 1160 (10th Cir. 2019) ("The nonmovant, however, cannot defeat summary judgment by relying on 'ignorance of the facts, on speculation, or on suspicion.'") (*quoting Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)). The Plaintiff had ample opportunity to conduct discovery in this matter and marshal whatever facts may exist to support his claims.

This is even true as to the NexGenCity investment. Ultimately, the Plaintiff's argument is that the money invested in NexGenCity would have been worth a lot more money if it had been invested in the S&P 500 instead. *See* Docket No. 56, p. 6, ¶ 25. The Plaintiff contends that the Trustees were not acting as fiduciaries, but employees of Jud Little, and were comingling Trust assets with Jud Little's assets. In the undisputed facts, the Trustees indicate that this was an investment that Jud Little made, and he wanted the Plaintiff to benefit if it proved profitable. When it did not, Jud Little took steps to minimize the impact by taking on the loss and forgiving debt the Plaintiff owed him. Additionally, the Trustees ensured that the Plaintiff got a tax advantage despite the loss. While the Plaintiff contends that allowing this investment was a breach of the Trustees' fiduciary duty, he does not state or set forth any facts as to *how* this good faith investment reflects a breach of trust, or fiduciary duty. *See Atwood v. Atwood*, 2001 OK CIV APP 48, ¶¶ 16, 19, 25 P.3d 936, 942 ("The limits upon all trustees, regardless of the latitude and discretion vested in them by the trust instrument, are of the nature listed in *Robinson v. Kirbie,* 1990 OK CIV APP 45, 793 P.2d 315. Thus, the trustee may not engage in criminal acts, or refuse

to perform some trust directive, or engage in egregious conduct, such as fraud or malicious, intentional disregard for the rights of the Beneficiaries. *Id.* at ¶¶ 7–8, 793 P.2d at 318–19."). Furthermore, he provides no substantiated evidence of damages therefrom.

While attempting to defeat summary judgment, the Plaintiff points to a number of irrelevant issues. For example, he expresses suspicion as to the Trustees' undisputed fact that Jud Little contributed 98% of the funds for the Trust, but offers no evidence to refute it other than conjecture, or, more importantly, how the truth or falsity of this fact affects the Trustees' liability. He further speculates that Jud Little's change in representation from Counsel for the Trustees to another attorney should cause the court to infer that there was a conflict, but the parties agree that Jud Little passed away before a deposition could be taken and, moreover, the Plaintiff provides no evidence that Jud Little's testimony would have been detrimental to the Trustees. Additionally, in support of his assertion that the Trustees were comingling Trust assets and making imprudent investments, he vaguely references a 2014 Mineral Deed. The attached document related to this Mineral Deed shows a grant of shares in minerals on a certain property, and that it was signed by Jud Little as President of the Quentin Little Company Oil and Gas LP, to five LLC entities and Defendant Trustee David Mannas and his wife. *See* Docket No. 185, Ex. 16, p. 2. On its face, the Deed has nothing to do with the Trust in this case and in no way demonstrates an investment, lending situation, or transfer involving the Trust. *See* Docket No. 185, Exs. 16-17. The mere fact that one or more of the Trustees had investments or other business dealings with other members of the Little family and/or other Trusts or entities is insufficient to support an allegation for breach of trust here. *See* Docket No. 181, Ex. 4, p.

12, Williamson Penn Little Trust, 4.07 "Self-Dealing" ("[T]he Trustee may also be acting as trustee of other trusts, or as agent for other persons or corporation interested in the same matters; provided, however, that the Trustee shall exercise such powers at all times in a fiduciary capacity primarily in the interest of the beneficiaries hereunder.").

And while Plaintiff contends that damages are supported by documents obtained to date and that they will be "confirmed or refuted" by an accounting, he actually fails to produce documentation of damages from any investment or delay of distribution, or to document an outstanding amount owed to him with any veracity. *See Amparan*, 234 F. Supp. 3d at 1120 ("In the Tenth Circuit, even when a plaintiff can prove some elements of a *prima facie* case, summary judgment is appropriate when the plaintiff fails to produce evidence in support of *each* element.") (*citing Bones*, 366 F.3d at 876). By now, the Plaintiff should be well aware that such an unsubstantiated allegation is insufficient. *Cf. United States v. Lambert*, 2021 WL 289348, at *4 (S.D.N.Y. Jan. 28, 2021) ("The link between the $503,357 loss claimed by Little and Lambert's fraud is speculative at best. Little contends that the $503,357 is comprised of: $159,807 in requests by various plaintiffs in three pending Cook County lawsuits against his company; $143,550 in legal fees and costs associated with the Cook County litigation; and $200,000 to be paid to the members of his company at the time it last operated. Little Second Submission, Dkt. 43 at 18. Little's attorney, Terrence Brennan, responded to a Court order instructing Little to provide information about 'the specific relationship between each lawsuit and the alleged legal services provided to Mr. Little by the individual representing himself as Mr. Pope.' Order, Dkt. 49 at 2. But even with this information, the connection between these lawsuits and

Lambert's actions is, at best, speculative and is, in part, simply non-existent."). In short, the Trustees are entitled to summary judgment in this case. *See Bones*, 366 F.3d at 875 ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.") (citations omitted).

As a procedural matter, the undersigned Magistrate Judge notes that the Plaintiff "reserved" his opportunity to move for summary judgment until after an accounting is performed in this case. However, discovery ended December 28, 2021, and the dispositive motion deadline was December 13, 2021. *See* Docket No. 166. Any extension of deadlines or stay of the scheduling order thereafter did not allow for further discovery or additional dispositive motions. *See* Docket Nos. 191, 210. *See also* Fed R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Accordingly, the deadline for filing dispositive motions, including summary judgment motions, has passed, and no exceptions should be permitted without leave of the Court.

**PENDING DISCOVERY MOTIONS**

Last, the undersigned Magistrate Judge notes the pending discovery motions in this case. *See* Docket Nos. 192, 194, 195, 196. In light of the recommendation that the Defendants' Motion for summary judgment be granted and pursuant to jurisdiction under 28 U.S.C. § 636(b), the undersigned Magistrate Judge finds that that the pending Omnibus Motion in Limine [Docket No. 192], Motion to Stay Proceedings, Motion for Appointment of New Trustee, Motion to Compel Accounting [Docket No. 194], and the Amended

Motion to Compel Discovery [Docket No. 196], should be denied without prejudice. Additionally, the Motion to Compel Discovery [Docket No. 195] should be denied as moot.

## CONCLUSION

Accordingly, the undersigned hereby PROPOSES the findings set forth above and RECOMMENDS that Defendants' Motion for Summary Judgment [Docket No. 181] be GRANTED. *See* 28 U.S.C. § 636(b)(1)(B). Additionally, the undersigned Magistrate Judge hereby DENIES the pending Omnibus Motion in Limine [Docket No. 192], Motion to Stay Proceedings, Motion for Appointment of New Trustee, Motion to Compel Accounting [Docket No. 194], and the Amended Motion to Compel Discovery [Docket No. 196], without prejudice. *Id.* § 636(b)(1)(A). Finally, the undersigned Magistrate Judge hereby DENIES the Motion to Compel Discovery [Docket No. 195] as moot. *Id.* Any objections to this Report and Recommendation must be filed within fourteen (14) days.

**DATED** this 16th day of November, 2022.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**