IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WILLIAMSON PENN LITTLE,

          **Plaintiff,**

v.

DAVID MANNAS, CHAD CRADDOCK, and CATHY ETCHEN, Individually and as Trustees,

          **Defendants.**

Case No. 19-cv-306-JFH-GLJ

## OPINION AND ORDER

Before the Court is a Motion for Summary Judgement ("Motion") filed jointly by Defendants David Mannis, Chad Craddock and Cathy Etchen ("Defendants"). Dkt. No. 181. The Court referred the Motion to Magistrate Judge Gerald Jackson for issuance of a report and recommendation ("R&R"). Dkt. No. 212. Judge Jackson issued an R&R on November 16, 2022, recommending that Defendants' Motion be granted. Dkt. No. 214. Plaintiff Williamson Penn Little ("Plaintiff") has filed an objection to the R&R ("Objection"). Dkt. No. 217. Defendants did not file a brief in opposition of Plaintiff's Objection, but the matter is nonetheless ripe for decision. For the reasons stated, the Court ADOPTS the R&R in this case and GRANTS Defendants' Motion for Summary Judgement.

## BACKGROUND

Plaintiff, the sole beneficiary of the Williamson Penn Little Trust dated December 1, 1984 (the "Trust"), commenced this action against the above-named Defendants and others on September 10, 2019. Dkt. No. 2 at ¶¶ 2, 3; *see also* Dkt. No. 46. On April 14, 2020, Plaintiff filed an Amended Complaint ("Complaint") asserting that the Defendants, as trustees of the Trust, "breached their fiduciary duties of loyalty, due care, a full disclosure owed to" Plaintiff. Dkt. No.

56 at ¶ 16. Plaintiff's sole cause of action against the Defendants is for breach of their fiduciary duties as trustees, in violation of Okla. Stat. tit. 60, § 175.1, *et seq*. *Id*. at ¶ 28.

The subject Trust, which was created for Plaintiff's sole benefit by his now-deceased father, granted the Defendant-trustees discretionary authority regarding the acquisition and sale of property and assets managed by the Trust. *Id*. at 3; *see also* Dkt. No. 181, Ex. 4 at ¶ 4. The Trust provided for a discretionary distribution of funds to Plaintiff upon Plaintiff's attainment of the age of thirty (30), and a subsequent mandatory distribution of the remainder of said funds, if any, upon Plaintiff's attainment of the age of thirty-five (35). Dkt. No. 181, Ex. 4 at ¶ 3.04.2(B). It is the Defendants' alleged failure to distribute the Trust assets in full to Plaintiff which forms the primary basis of Plaintiff's cause of action against Defendants. Dkt. No. 56 at 17. Plaintiff also alleges that the Defendants made imprudent investments with Trust assets, which, had they been placed in a conservative market ETF, Plaintiff asserts would have generated substantial profit. *Id*. at 25. In particular, although not identified in the Complaint, Plaintiff complains in his discovery responses of an investment in a now-defunct entity—NextGenCity Investments ("NextGen").

On December 13, 2021, Defendants filed the subject Motion for Summary Judgement. Dkt. No. 181. Attached to the Motion, in support of the "Undisputed Material Facts" section, are signed, sworn declarations in which the Defendants state that they did not receive any compensation for their work as trustees, and that their actions were always intended to be in the best interest of Plaintiff as beneficiary of the Trust. *Id*. at Exs. 5-7. Defendants also declare that they sought counsel whenever any issue arose that was outside of their knowledge or understanding, including with respect to the NextGen investment. *Id*. at Exs. 5, 6. Critically, Defendants declare that all Trust assets were distributed to Plaintiff by September 12, 2019. *Id*. at Ex. 5.

2

On January 4, 2022, Plaintiff filed a brief in opposition to Defendants' Motion (out of time but with permission). Dkt. No. 185. Plaintiff's brief contained a section titled "Statement of Facts in Support," but did not contain "a section responding, *by corresponding numbered paragraph*, to the facts that the movant contends are not in dispute," as required by LCvR 56.1(c) (emphasis in original)—a point Defendants emphasize in their reply brief filed January 18, 2022. Dkt. No. 188. For this reason, and in light of the undisputed material facts, Magistrate Judge Jackson recommended that Defendants' Motion be granted. Dkt. No. 214. On December 7, 2022, Plaintiff filed an Objection to the R&R after receiving an extension of his deadline to do so. Dkt. No. 217; *see* also Dkt. No. 216.

## STANDARD OF REVIEW

When a party objects to an R&R, the Court is statutorily required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## ANALYSIS

Plaintiff agrees with the R&R to the extent that: "[i]n order to prove a claim for breach of fiduciary duty, plaintiff must establish (1) the existence of a fiduciary relationship; (2) a duty arising out of the fiduciary relationship; (3) breach of the fiduciary duty; and (4) damages proximately caused by the breach of duty." Dkt. No. 185 at 15 (quoting *Miller v. Farmers Ins. Grp*., No. CIV-10-466-F, 2012 WL 8017244, *15 (W.D. Okla. Mar. 22, 2012)); *see also* Dkt. No. 214 at 11-12. In the Motion, Defendants do not contend that the first two elements required for

3

Plaintiff's claim are lacking, but instead that there is no evidence for the third or fourth elements. Dkt. No. 181 at 9 ("For the purposes of this Motion, even assuming the first two elements are met, Plaintiff has not and cannot provide sufficient evidence of any breach of a duty owed by Defendants or any damages proximately caused by such an alleged breach.").

In the Objection, Plaintiff argues, without basis, that the magistrate judge applied a "lesser standard" in evaluating whether Defendants breached their fiduciary duty to Plaintiff. Dkt. No. 217 at 2. Plaintiff cites to a 2008 decision by the Oklahoma Supreme Court:

> A trustee is ***a fiduciary of the highest order*** in whom the hope and confidence of the settlor are placed with the expectation that the trustee will exercise the obligations of the office ***for the exclusive benefit of those holding beneficial interests. Without exception, a trustee owes its beneficiaries the most abundant good faith, absolute and perfect candor, openness and honesty***.

*Id*. (quoting *Corr v. Smith*, 2008 OK 12, ¶ 18, 178 P.3d 859, 863) (emphasis supplied by Plaintiff).

Plaintiff asserts that "[i]t is this standard that Defendants must have met in all of their actions taken on behalf of [the Trust] . . . . Conduct which does not satisfy this high standard, or which violates the terms of the Trust is a breach of the trust under Oklahoma law." *Id*. Yet, in the R&R, the magistrate judge similarly acknowledged that a fiduciary relationship entails a "heightened duty of care . . . ." Dkt. No. 214 at 12 (quoting *Horton v. Hamilton*, 2015 OK 6, ¶¶ 20, 22, 345 P.3d 357, 364-65). The Court is not convinced that the magistrate judge imposed a "lesser standard" in evaluating Defendants' alleged conduct.

Plaintiff simply disagrees with the outcome reached by the magistrate judge in the R&R: that is, Plaintiff did not sufficiently establish any dispute of material fact with respect to the third and fourth elements of Plaintiff's cause of action. Therefore, the Court proceeds as it must to conduct a de novo review of that outcome. *See* 28 U.S.C. § 636(b)(1).

Summary judgment is properly granted if the Defendants establish "that there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To successfully oppose Defendants' Motion, Plaintiff must show that a material fact is disputed by "citing to particular parts of materials in the record," or by showing that the materials on which Defendants rely "do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).  "If the movant carries the initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Kaul v. Stephen*, 83 F.3d 1208, 1212 (10th Cir. 1996) (citing *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995)).

Defendants argue that summary judgment is proper because Plaintiff cannot identify any evidence of a breach of any duty owed by the trustees or any damages arising therefrom. Dkt. No. 181 at 9.  Defendants note that in response to interrogatories requesting all facts upon which Plaintiff relief for these positions, Plaintiff merely directs Defendants back to his pleadings.  Dkt. No. 181, Ex 8 at pp. 6-7 ("Plaintiff objects to this interrogatory as he alleges his true and valid complaints are in the amended complaint . . . . The damages sought are listed in paragraphs 26-29 of the amended complaint.").  Plaintiff may not rely on his pleadings in opposing summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (Rule 56 "permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the [requisite] showing . . . .").

Yet more importantly, whereas Defendants' argument (that Plaintiff cannot establish a breach nor damages) is supported as required by "declarations" and "interrogatory answers"

5

(which materials are expressly permitted by Rule 56(c)(1)(A)),[1] Plaintiff fails to rebut these arguments by presenting evidence suggesting the presence of any genuine issue of material fact. More specifically, Defendants' Motion "begin[s] with a section stating the material facts to which the movant contends no genuine dispute exists," and the facts in this section are "set forth in concise, numbered paragraphs"—as required by LCvR 56.1(b).  Dkt. No. 181 at ¶¶ 1-16. Plaintiff's response in opposition to Defendants' Motion, by contrast, fails to include "a section responding, *by correspondingly numbered paragraph*, to the facts that the movant contends are not in dispute . . . ." LCvR 56.1(c) (emphasis in original).

Plaintiff's failure to comply with the Federal Rules of Civil Procedure and local rules of this Court is not trivial.  Federal appellate courts have "repeatedly emphasized the importance of local rules similar to Local Rule 56." *Caban Hernandez v. Phillip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007).[2]  "Such rules are designed to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted.'" *Id*. (quoting *Calvi v. Knox County*, 470 F.3d 422, 427 (1st Cir. 2006)).  "When complied with, they serve 'to dispel the

---

[1] "A party asserting that a fact cannot be . . . disputed **must** support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or **declarations**, stipulations (including those made for purposes of the motion only), admissions, **interrogatory answers**, or other materials." (emphasis added).  This requirement is reinforced by this Court's local rules.  *See* LCvR 56.1(d) ("Each individual statement **by the movant or nonmovant** pursuant to subparagraph (b) or (c) of this rule **shall** be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position pursuant to Fed. R. Civ. P. 56(c).") (emphasis added).

[2] The local rule at issue in *Caban Hernandez* (from the United States District Court for the District of Puerto Rico), and its present iteration provides:  "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts."  Like the Court's local rule here, this rule does not place form over substance; these rules, consistent with Fed. R. Civ. P. 56(c), require a party opposing a motion for summary judgment to identify *material facts* in dispute.

smokescreen behind which litigants with marginal or unwinnable cases often seek to hide [and] greatly reduce the possibility that the district court will fall victim to an ambush.'" *Id*.

Here, Plaintiff's brief in opposition to Defendant's Motion attempts to create disputes of material fact, but these efforts are inadequate because they are unsupported by evidentiary materials. *See Bones v. Honeywell International, Inc*., 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings . . . . To defeat a motion for summary judgment, evidence . . . must be based on more than speculation, conjecture, or surmise.") (citations omitted).  In this respect, Plaintiff's arguments, as in *Calvi*, amount to a "smokescreen" disguising a "marginal or unwinnable" case.  Indeed, a substantial amount of Plaintiff's arguments against summary judgment are irrelevant to the instant dispute. *See, e.g*., Dkt. No. 185 at pp. 7-9, ¶¶ 1-9 (describing Plaintiff's family history).

As the magistrate judge observed in the R&R: "[w]hile his assertions are clear, Plaintiff offers no substantive evidence in support of these allegations and instead relies on innuendo and conjecture that some evidence produced in the future may confirm his allegations." Dkt. No. 214 at 13; *see also Burbridge Mitchell & Gross v. Peters*, 622 Fed. App'x, 749, 733 n. 3 (noting that even though "[t]he logic of [the plaintiff's] argument is clear . . . [s]peculation is insufficient to defeat summary judgment.").  The magistrate judge nevertheless addressed Plaintiff's various unsupported arguments and assertions and found them to be substantively lacking. *See, e.g*., Dkt. No. 214 at 13, *ff*.  The undersigned independently agrees with the analysis after considering Plaintiff's argument and lack of factual support.

Revealingly, Plaintiff's argument contains a section titled "Plaintiff has clearly articulated a cause of action." Dkt. No. 185 at 14.  Plaintiff subsequently acknowledges that this is the standard at the motion to dismiss stage [*Id*. at 15], whereas Defendants' Motion is for summary

judgment.  Applying the proper standard, the Court finds that Defendants' Motion establishes that there is no dispute as to any material fact and that they are therefore entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  As Defendants carried their initial burden, Plaintiff was required to "set forth specific facts showing a genuine issue for trial as to those dispositive matters to which it carries the burden of proof."  *Kaul v. Stephen*, 83 F.3d 1208, 1212 (10th Cir. 1996).  Plaintiff failed.  The Federal Rules provide:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)**  give an opportunity to properly support or address the fact;
>
> **(2)**  consider the fact undisputed for purposes of the motion;
>
> **(3)**  grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)**  issue any other appropriate order.

Fed. R. Civ. P. 56(e)

The discovery cutoff in this case was in December 2021, and subsequent scheduling extensions did not extend the discovery period.  Dkt. No. 166.  The Court finds that Plaintiff has had ample opportunity to conduct discovery and properly support or address the material facts.  Moreover, and similarly, the Count finds that the accounting Plaintiff requests is unwarranted for the same reasons laid out in the R&R; namely, applicable law[3] provides an accounting as just one of several remedies in the event the Court finds a violation by a trustee of a duty owed the beneficiary (which the Court has not).  *Id*. at pp. 9-10.

The Court therefore grants summary judgment because the supporting materials in Defendants' Motion show that the movants are entitled to it.  Fed. R. Civ. P. 56(e)(3).  To be clear,

---

[3]  Okla. Stat. tit. 60, § 175.57.

the Court does not grant summary judgment because of Plaintiff's failure to comply with local rules and procedure, but because Plaintiff's failure reveals that Defendants are in fact entitled to summary judgment.

THEREFORE, the Court ADOPTS the Report and Recommendation [Dkt. No. 214], and GRANTS Defendants' Motion for Summary Judgment.

Dated this 17th day of July 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE